UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV10026WGY

DOROTHY FANNIN,
ADMINISTRATOR OF THE ESTATE
OF MALINDA SUE FANNIN,
    Plaintiff

ANSWER

VS.

OCEAN CREST SEAFOOD, INC. AND
BRUCE HILDEBRANDT,
    Defendants

===================================================

The defendants, Bruce Hildebrandt and Ocean Crest Seafood, Inc. answer to the plaintiff's complaint, as follows:

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, neither admit nor deny the same.

2. The defendants admit the allegations contained in paragraph 2 of the Complaint.

3. The defendants deny the allegations contained in paragraph 3 of the Complaint.

4. The defendants admit the allegations contained in paragraph 4 of the Complaint.

5. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, neither admit nor deny the same.

6. The defendants admit the allegations contained in paragraph 6 of the Complaint.

7. The defendants deny the allegations contained in paragraph 7 of the Complaint.

8. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, neither admit nor deny the same

9. The defendants deny the allegations contained in paragraph 9 of the Complaint.

10. The defendants deny the allegations contained in paragraph 10 of the Complaint.

11. The defendants deny the allegations contained in paragraph 11 of the Complaint.

12. By reference they incorporate their response to paragraphs 1, 2, 9-11, herein as their response to paragraph 12 of Count I and paragraph 16 of Count III.

13. The defendants deny the allegations contained in paragraph 13 of Count I.

14. By reference they incorporate their response to paragraphs 1, 3, 9 and 10 herein as their response to paragraph 14 of Count II and paragraph 18 of Count IV.

15. The defendants deny the allegations contained in paragraph 15 of the Complaint.

16. The defendants deny the allegations contained in paragraph 17 of Count III.

17. The defendants deny the allegations contained in paragraph 19 of Count IV.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant says that the injuries alleged were caused in whole or in part by the plaintiff's decedent's own negligence which was greater than any negligence of the defendant.

### SECOND AFFIRMATIVE DEFENSE

The defendants state that the plaintiff's decedent's accident was caused by her own violation of law, and therefore her action is barred.

### THIRD AFFIRMATIVE DEFENSE

The defendants state that they are exempt from tort liability for damages to the plaintiff to the extent provided under Chapter 90, Section 34M of the Massachusetts General Laws and that any damages recovered by the plaintiff should be reduced to the extent of benefits paid to the plaintiff under the provisions of Chapter 90, Sections 34A through M of the Massachusetts General Laws.

## FOURTH AFFIRMATIVE DEFENSE

The defendants say that this action is barred under the provisions of Massachusetts General Laws, Chapter 231, Section 6D(1-5).

## FIFTH AFFIRMATIVE DEFENSE

The defendants move this Honorable Court to dismiss this civil action pursuant to Fed. R. Civ. P. 12(b)(6) inasmuch as the plaintiff has failed to state a claim against the defendants upon which relief can properly be granted.

## SIXTH AFFIRMATIVE DEFENSE

The defendants say if the plaintiff was injured and is entitled to recover as alleged in the plaintiff's complaint it is due to the liability of a third party for whom the defendant is not responsible wherefore, the plaintiff cannot recover in the instant action.

**THE DEFENDANTS DEMAND A TRIAL BY JURY OF ALL ISSUES.**

By,

_/s/ D. Michael Arter_
D. Michael Arter
Law Office of Brian M. Cullen
100 Summer Street, Suite 201
Boston, MA 02110
(617) 772-2800
B.B.O. #022410

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on January 23, 2004.

_/s/ D. Michael Arter_
D. Michael Arter